UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL RAMIREZ, | ) | CIV. 11-5028-JLV |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| ROBERT DOOLEY, Warden, Mike Durfee State Prison; and MARTY JACKLEY, Attorney General of the State of South Dakota, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

On April 4, 2011, petitioner Michael Ramirez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket 1). Respondents moved to dismiss the petition, alleging Mr. Ramirez failed to exhaust state court remedies–a procedural bar to seeking habeas relief in federal court. (Docket 8). Mr. Ramirez did not file a response to respondents' motion to dismiss. The court referred the motion to Magistrate Judge Veronica L. Duffy for a report and recommendation. (Docket 13). On September 6, 2011, Judge Duffy filed a report recommending the court dismiss with prejudice Mr. Ramirez's § 2254 petition on the basis he is in procedural default and did not show cause and prejudice to excuse his default. (Docket 14). The parties did not file objections to the report and recommendation, and the time for doing so passed.

The court received and thoroughly reviewed the record in this case, including the state court records.[1]  The court incorporates by reference the factual recitation set forth in the report and recommendation with the following corrections and additions.  Mr. Ramirez raised multiple grounds for relief in his § 2254 petition.  One such claim pertained to the withdrawal of a blood sample.  This claim is the *only* claim presented to the South Dakota state courts for adjudication.  Mr. Ramirez raised this and only this issue in his petition for writ of habeas corpus filed with the Seventh Judicial Circuit Court for the State of South Dakota, Pennington County.  Mr. Ramirez did not afford the highest state court, that is, the South Dakota Supreme Court, the opportunity to rule on this claim before seeking federal review.[2]  Consequently, Mr. Ramirez failed to exhaust all available state court remedies with respect to this claim and is unable to rectify his error at this late stage.  As set forth in the report and recommendation, which is incorporated herein, Mr. Ramirez procedurally defaulted this claim and did not demonstrate legally sufficient justification to excuse the default.

---

[1]Mr. Ramirez's criminal case number in state circuit court is CR. 08-5908, his habeas case number in state circuit court is the same, and his criminal appeal case number in the South Dakota Supreme Court is 25370.

[2]Mr. Ramirez appealed his original conviction to the South Dakota Supreme Court.  However, the claims raised during those proceedings were not the same as those raised in his § 2254 petition.

Mr. Ramirez's remaining habeas claims require a separate analysis, although the result is the same. Mr. Ramirez did not present those claims to any state court either on direct appeal or through habeas proceedings. Having already filed a state habeas petition in the circuit court, Mr. Ramirez may not file a successive habeas petition except in limited circumstances. SDCL § 21-27-16.1. Mr. Ramirez may *only* file a successive state habeas petition if he shows both "[c]ause for his omission or failure to previously raise the grounds for habeas relief" and "[a]ctual prejudice resulting from the alleged constitutional violation." Application of Novaock, 572 N.W.2d 840, 842 (S.D. 1998). "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. (citation and internal quotation marks omitted). Based on the current state of the record, the court finds Mr. Ramirez has not made such a showing. Mr. Ramirez procedurally defaulted his remaining claims and did not demonstrate legally sufficient justification to excuse the default. In support of its finding, the court applies the case law and legal analysis set forth in the report and recommendation.

Because Mr. Ramirez cannot cure his failure to exhaust state court remedies and is in procedural default, he cannot seek habeas relief in federal

3

court. Having carefully reviewed the record in this case and good cause appearing, it is hereby

ORDERED that respondents' motion to dismiss (Docket 8) is granted.

IT IS FURTHER ORDERED that the report and recommendation (Docket 14) is adopted with the above modifications.

IT IS FURTHER ORDERED that Mr. Ramirez's petition for writ of habeas corpus (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further. In such circumstances, no

appeal would be warranted."  Id.  The court does not believe reasonable jurists would find the court's ruling debatable or wrong.  Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Ramirez may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.  See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts & Fed. R. App. P. 22

IT IS FURTHER ORDERED that the Clerk of Court shall promptly mail to Mr. Ramirez a copy of the Rules Governing Section 2254 Cases in the United States District Courts and a copy of the document entitled "Information Regarding Possible Appeal."

IT IS FURTHER RECOMMENDED that Mr. Ramirez thoroughly review the Federal Rules of Appellate Procedure, paying particular attention to Rules 4(a), 22, and 24.

Dated January 17, 2012.

                                    BY THE COURT:

                                    /s/ *Jeffrey L. Viken*
                                    JEFFREY L. VIKEN
                                    UNITED STATES DISTRICT JUDGE